# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

ROBERT IRVING SIMPSON,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　Civil No. 09-399-P-H
　　　　　　　　　　　　　　　　　)
MICHAEL J. ASTRUE,　　　　　　　 )
Commissioner of Social Security, )
　　　　　　　　　　　　　　　　　)
　　　　Defendant　　　　　　　　)


## REPORT AND RECOMMENDED DECISION[1]


The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge's conclusions are not supported by medical evidence and that she erroneously failed to assign weight to the opinion of a treating physician. I recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease of the spine and obesity, impairments that were severe but which did not meet or medically equal the criteria of any of the listed impairments in Appendix 1 to 20 C.F.R. Part 404, Subpart P, Findings 3-4, Record at 9-11; that he had the residual functional capacity to perform

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 16, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

light work except that he could sit for a total of six hours in an eight-hour workday, stand or walk for a total of six hours in an eight-hour workday, could occasionally bend, stoop, kneel, and crouch, but should never crawl, climb ladders, ropes, or scaffolds, or work on uneven surfaces or rough terrain, or at unprotected heights, could occasionally climb ramps or stairs, must alternate position within the work space at intervals of 15 to 20 minutes, and could perform routine, repetitive tasks, Finding 5, *id*. at 12; that the plaintiff was unable to perform his past relevant work, Finding 6, *id*. at 15; that, given his age (39 years old on the alleged onset date), limited education, work experience, and residual functional capacity, and using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P, as a framework for decision-making, there were jobs existing in the national economy in significant numbers that the plaintiff could perform, Findings 7-10, *id*. at 16; and that the plaintiff, therefore, had not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, Finding 11, *id*. at 17. The Decision Review Board did not complete its review of the decision in the allowed time, *id*. at 1-3, and the decision, therefore, became the final decision of the commissioner. 20 C.F.R. § 405.420(a)(2).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than

his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

**Discussion**

The plaintiff contends that the residual functional capacity assigned to him by the administrative law judge is not based on any medical opinion in the record and, therefore, the administrative law judge must have impermissibly interpreted raw medical data in order to reach that conclusion. Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (Docket No. 6) at 2-3. The argument is based on the plaintiff's assertion that the administrative law judge acknowledged that the residual functional capacity was based on "subsequent medical records and credible aspects of the testimony." *Id*. at 2. It should be noted that the language from the administrative law judge's opinion quoted by the plaintiff refers only to his physical residual functional capacity. Record at 14. The plaintiff had also presented evidence of an alleged mental impairment. *Id*. at 10. At oral argument, counsel for the plaintiff agreed that the plaintiff does not base this appeal on any claim of mental impairment.

The opinion includes the following relevant passage:

> With respect to the State Agency physical assessment in Exhibit 3F, I place some weight on it as aspects of it consistent with the overall record were adopted, but additional limitations were imposed based on subsequent medical records and credible aspects of the testimony. Finally, with respect to the SSA consultative physical examination opinion regarding functional limitations, I give great weight to this opinion and adopted the limitations as it is based on an examination consistent with and supported by the overall medical and other evidence. (Exhibit 2F) However, additional limitations were imposed based on subsequent medical records and credible aspects of the testimony.

*Id*. at 14-15.

3

Exhibit 2F, the consultative examination report of Dr. Richard Stockwell, dated December 3, 2007, includes the following "medical source statement":

> This patient's ability to perform work-related activities in the seated and standing position [is] without obvious deficits based on my range of motion and manual muscle testing assessment. Based on my evaluation, prolonged maneuvers in either position or repetitive maneuvers could produce symptom exacerbation. This patient has no problems with ambulating. Lifting, carrying, bending at the waist should not be performed on a repetitive basis. Light duty lifting in a nonrepetitive manner should be assessed. Although there were no clear functional limitations on my range of motion and strength assessment, care should be taken to further evaluate this patient in a functional capacity setting since any possible restrictions of this patient in a work environment should be based on prolonged maneuvers or activities. This is the only way to fully evaluate this patient at this time. I would also further recommend MRI to assess for discogenic pathology. Symptomatology by history does not necessarily correlate with his x-ray findings.

*Id.* at 219. The state-agency physician who completed a Physical Residual Functional Capacity Assessment for the plaintiff did have the benefit of this report. *Id.* at 228.

The only medical records dated after December 3, 2007 are the following: portions of Exhibit 5F, *id.* at 243-45; Exhibit 7F, *id.* at 277-83; Exhibit 8F, *id.* at 284-94; Exhibit 9F, *id.* at 295-300; Exhibit 10F, *id.* at 301-04; and Exhibit 11F, *id.* at 305-08. Exhibit 11F is a Residual Functional Capacity Questionnaire filled out and dated February 12, 2009, by E. DelPrete, M.D. *Id.* at 308. This is the treating physician report that the plaintiff contends was erroneously discounted by the administrative law judge, an argument I consider *infra*.

Included in the other materials is the report of an MRI done at Southern Maine Medical Center. *Id.* at 278-79. The plaintiff apparently contends that the administrative law judge's reference to "subsequent medical records" can only be read to mean that she interpreted the MRI results herself, which an administrative law judge may not do. But, the mere presence of an MRI report among evidence in the record to which the administrative law judge refers generally does

4

not mean that the administrative law judge must, therefore, have interpreted the "raw medical data" of that report in violation of Social Security regulations and Rulings.

The administrative law judge did note, in the course of discussing her Step 4 residual functional capacity finding, that:

> [a] magnetic resonance image ("MRI") of the lumbar spine demonstrated that the most significant finding was a left posterolateral disc herniation at L3/4 extending into the neural foramen and [a]ffecting the left L3 nerve root (Exhibit 7F/3). Treatment records reveal the claimant's reports that medrol dosepack relieved pain, as did epidural injections.

*Id*. at 13. This is the only mention of the MRI in the opinion. It is not possible to tie this mere noting of the results of the MRI to any specific limitation included in the residual functional capacity assigned by the administrative law judge. Accordingly, it is not possible to conclude that the administrative law judge must have impermissibly interpreted raw medical data in the manner alleged by the plaintiff. Certainly, the mere presence of an MRI report in a much larger field of medical evidence is not enough to invalidate an administrative law judge's conclusions on the basis presented here.

The plaintiff asserts, in conclusory fashion, that "[t]he functional limitations at issue are not a 'common-sense judgment' about functional limitations which an Administrative Law Judge is permitted to make[,]" Itemized Statement at 3, but he never identifies which functional limitations he claims are at issue. On so limited a presentation, it is not possible for the court to agree with the plaintiff's assertion.

The plaintiff also contends that the administrative law judge "incorrectly assigns no weight to the RFC form submitted by Claimant's treating osteopathic physician, Elizabeth Del Prete, D.O. (R. 305-08.)." *Id*. at 3. The administrative law judge spends three paragraphs of her decision discussing Dr. Del Prete's Residual Functional Capacity Questionnaire. Record at 15.

One of her stated reasons for giving the form "no weight" is that the form "is unaccompanied by any treatment notes." *Id*. The plaintiff points out that "notes from Dr. Del Prete were submitted and are in the file at R.301-04." Itemized Statement at 4.

I agree that page 303 contains a signature that may well be that of Dr. Del Prete. I do not see any such signature on any of the other cited pages. However, pages 301 to 304 are marked as a single exhibit, Exhibit 10F, and it may thus be assumed that they all come from the same provider. Even so, those records show only three possible visits by the plaintiff: a visit on November 7, 2008, "to establish care[,]" Record at 303; the prescription of Zoloft on December 17, 2008, *id*. at 301; and the prescription of Flexeril on January 5, 2009, *id*. This number of visits is confirmed by the plaintiff's testimony at the hearing on March 10, 2009, *id*. at 23, 46, which the administrative law judge was entitled to credit in assigning evidentiary weight to the questionnaire filled out by Dr. Del Prete.[2]

If the administrative law judge had based her rejection of Dr. Del Prete's responses to the questionnaire solely on her possibly-mistaken assertion that none of the doctor's records had been submitted into evidence, that might have been reversible error, because the doctor's responses differ in some respects from the residual functional capacity assigned by the administrative law judge. However, the administrative law judge offered several other reasons for her decision to assign the questionnaire responses "no weight," including the previously-mentioned testimony that Dr. Del Prete had only seen the plaintiff three times, raising the question whether she was a treating physician; that the questionnaire responses were conclusory and imposed inconsistent physical limitations; that they included limitations that were not alleged by the claimant; and that, while Dr. Del Prete cited back pain as the basis for the

---

[2] The ambiguous assertion that "[l]ater records from Dr. Del Prete had been requested, but were not received timely for submission prior to the hearing[,]" Itemized Statement at 4 n.*, cannot be considered as evidence that any such records actually existed.

limitations she endorsed, when asked to describe the degree of pain, she indicated "NA." Record at 15. All of these observations are supported by the record. In addition, the only medical record from Dr. Del Prete that was submitted, *id*. at 303, does not support the specific limitations she assigned in her responses to the questionnaire. Particularly significant in this regard are the limitations on use of the upper extremities, *id*. at 306, which were not claimed by the plaintiff and for which there does not appear to be support in any of the medical records provided.

The plaintiff also asserts that "Dr. Del Prete's opinion is supported by MRI evidence dated June 10, 2008 (R.278-79) showing a lumbar disk herniation extending into the neural foramen and affecting the left L3 nerve root." Itemized Statement at 4. In order to adopt this interpretation, the court would have to engage in precisely the interpretation of raw medical data without the benefit of medical opinion that the plaintiff correctly argues, in the same document, is forbidden by Social Security law.

**Conclusion**

On the showing made, and for the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

*NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

7

Dated this 23rd day of June, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge